# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No. 08-12847 (MFW) |
| NWL HOLDINGS, Inc., *et al.*, | (Jointly Administered) |
| Debtors. | **Objection Deadline: TBD** |
| | **Hearing Date: TBD** |

## MOTION OF RIVER DRIVE CONSTRUCTION CORP. FOR AN ORDER COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

River Drive Construction Corp. ("River Drive"), by and through its undersigned counsel, hereby moves this Court for an Order compelling the payment of an administrative expense claim pursuant to Section 365(d)(3) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") In support thereof, River Drive respectfully states as follows:

## BACKGROUND

### A. The Debtors' Bankruptcy Cases

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") commenced a case under Chapter 11 of the Bankruptcy Code. On November 13, 2007, the Court entered an Order providing for the joint administration of these bankruptcy cases. (D.I. 27.)

2. Until February 26, 2009, the Debtors operated their business and managed their property as debtors-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 26, 2009, the Court entered Orders converting these bankruptcy cases from cases under Chapter 11 of the Bankruptcy Code to cases under Chapter 7 of the Bankruptcy Code and appointing a Chapter 7 Trustee. (D.I. 516, 518).

**B. The Debtors' Relationship with River Drive**

4. On or around December 12, 2007, River Drive and National Wholesalers of Kissena Center, Inc. (the "Tenant"), one of the above-captioned Debtors, entered into a lease (the "71-41 Kissena Blvd. Lease") for the non-residential real property located at 71-41 Kissena Boulevard, Flushing, New York (the "71-41 Kissena Blvd. Premises"). A true and correct copy of the 71-41 Kissena Blvd. Lease is attached hereto as **Exhibit A** and incorporated herein by reference in its entirety.

5. Also, on or around December 12, 2007, River Drive and the Tenant entered into a second lease (the "71-01 Kissena Blvd. Lease" and together with the 71-41 Kissena Blvd. Lease, the "Leases") for certain commercial property located at 71-01 Kissena Boulevard, Flushing, New York (the "71-01 Kissena Blvd. Premises" and together with the 71-41 Kissena Blvd. Premises, the "Leased Premises"). A true and correct copy of the 71-01 Kissena Blvd. Lease is attached hereto as **Exhibit B** and incorporated herein by reference in its entirety.

6. Both Leases contain guaranties whereby NWL Holdings, Inc., another one of the above-captioned Debtors, guaranteed "the full and faithful keeping, performance and observance of all the covenants, agreements, terms, provisions and conditions of the Lease[s] provided to be kept, performed and observed by Tenant (expressly including, without being limited to, the payment as and when due of the fixed rent, additional rent, charges and damages payable by Tenant under the Lease[s]) and the payment of any and all other damages for which

Tenant shall be liable by reason of any act or omission contract to any of said covenants, agreements, terms, provisions or conditions."

7. On January 30, 2009, the Court entered an Order authorizing the Debtors to reject the Leases, which were rejected by the Debtors effective as of January 31, 2009 (the "Rejection Date"). (*See* D.I. 404.)

8. The following amounts have become due and payable under the Leases from and after Petition Date and through the Rejection Date:

| **71-41 Kissena Blvd. Lease** | |
|---|---|
| Parking Lot Maintenance (Jan. 2009) | $1,793.18 |
| Real Estate Taxes (Jan. 2009) | $11,269.57 |
| **71-01 Kissena Blvd. Lease** | |
| Balance Basic Rent (Dec. 2009) | $10,901.04 |
| Parking Lot Maintenance (Jan. 2009) | $2,882.23 |
| Real Estate Taxes (Jan. 2009) | $26,000.99 |
| Water Meter Charges (Jan. 2009) | $2,900.21 |
| Balance Basic Rent (Jan. 2009) | $10,901.04 |
| **TOTAL** | **$66,648.26** |

9. The Debtors have not made any of the above payments which are due and owing to River Drive under the Leases.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this motion pursuant 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b). The statutory predicate for relief is Section 365(d)(3) of the Bankruptcy Code.

**BASIS FOR RELIEF**

11. Bankruptcy Code Section 365(d)(3) requires the Debtors to pay all postpetition amounts coming due under the Leases.

12. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part:

> The trustee shall timely perform all obligations of the debtor . . . arising from and after the order for relief under any expired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

13. Section 365(d)(3) was enacted to prevent a landlord from being reduced to an involuntary postpetition creditor of a debtor's estate. *See Hirsch & Ferell, Inc. v. Microvideo Learning Sys. (In re Microvideo Learning Sys.)*, 254 B.R. 90, 92 (S.D.N.Y. 1999); *In re ZB Co., Inc.*, 302 B.R. 316, 320 (Bankr. D. Del. 2003). The clear and express intent of Section 365(d)(3) is to require the Debtors to timely fulfill all postpetition lease obligations until a lease is assumed or rejected. *In re Montgomery Ward Holdings Corp.*, 268 F.3d 205, 209 (3d Cir. 2001). The language of Section 365(d)(3) is mandatory, not permissive. *See Montrose Ctr. v. Northeast Consumer Tech. Stores, Inc. (In re The Appliance Store, Inc.)*, 148 B.R. 234, 243 (Bankr. W.D. Pa. 1992).

14. In addition to rent, the Debtors' obligations include all interest, late fees and any other amounts due under the Leases. *See In re T & H Diner, Inc.*, 108 B.R. 448, 453 (D. N.J. 1989) (noting that section 365(d)(3) requires a debtor to pay rent and other charges during the pre-rejection period); *In re Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 835 (Bankr. S.D.N.Y. 1996) (noting that the plain language of the statute requires performance of all of a debtor's obligations, of which rent is the primary obligation); *In re MS Freight Distrib., Inc.*, 172 B.R.

976, 978-79 (W.D. Wa. 1994) (finding that the requirement to pay "all obligations" under section 365(d)(3) includes interest, late fees and attorneys' fees).

15. Thus, the Debtors are required to pay timely all postpetition obligations as they become due until the Leases are either assumed or rejected.

16. Accordingly, River Drive respectfully requests that the Court enter an order allowing River Drive's administrative expense claim of $66,648.26.

17. With respect to the amounts accruing during the post-petition, pre-rejection period, the Bankruptcy Court has discretion as to the timing of payment of an administrative expense claim. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169,173 (Bankr. D. Del. 2002). River Drive requests that the Court exercise its discretion and order the Chapter 7 Trustee to immediately pay the administrative claim. The Debtors have already had the benefit of enjoyment and uninterrupted use of the Leased Premises. Therefore, River Drive should not be prejudiced by having to wait further for the Debtor's bankruptcy case to close in order to receive payment on its administrative claim. It would be inherently unfair to allow the Debtors and the bankruptcy estate to benefit from the use of the Leased Premises without payment being made therefor. *See In re ZB Co., Inc., et al.*, 302 B.R. 316, 319-20 (Bankr. D. Del. 2003).

WHEREFORE, River Drive respectfully requests that this Court enter an order (i) allowing River Drive's administrative claim of $66,648.26 under 11 U.S.C. § 365(d)(3), (ii) compelling the Chapter 7 Trustee to pay immediately to River Drive $66,648.26, and (ii) granting such other and further relief as this Court deems just and proper under the circumstances.

|  |  |
|---|---|
| Date: July 30, 2009 | SCHNADER HARRISON SEGAL<br>& LEWIS LLP<br><br>By: /s/ Michael J. Barrie<br>Michael J. Barrie (#4684)<br>824 N. Market Street, Suite 1001<br>Wilmington, DE 19801<br>Phone: (302) 888-4554<br>Facsimile: (302) 444-1696<br>mbarrie@schnader.com<br><br>*Attorneys for River Drive Construction Corp.* |